IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CLARENCE ELROY HAWKINS, JR., | ) | Civil No. 19-00102 HG-KJM |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION |
| | ) | TO: (1) DISMISS COMPLAINT |
| vs. | ) | WITH LEAVE TO AMEND; AND |
| | ) | (2) DENY PLAINTIFF'S REQUEST |
| PAMELA FISHER, | ) | TO PROCEED IN DISTRICT COURT |
| | ) | WITHOUT PREPAYING FEES OR |
| Defendant. | ) | COSTS |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO: (1) DISMISS COMPLAINT WITH LEAVE TO AMEND; AND (2) DENY PLAINTIFF'S REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**

On March 1, 2019, Plaintiff Clarence Elroy Hawkins, Jr. ("Plaintiff"), proceeding *pro se*, filed his Complaint against Defendant Pamela Fisher ("Defendant"). ECF No. 1. That same day, Plaintiff filed a "Declaration in Support of Request to Proceed in Forma Pauperis" ("IFP Application"), which this Court liberally construes as a request to proceed in district court without prepaying fees or costs. ECF No. 3. The Court elects to decide this matter without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii.

For the reasons set forth below, the Court FINDS AND RECOMMENDS that the district court DISMISS Plaintiff's Complaint WITH LEAVE TO AMEND. The Court also RECOMMENDS that the

district court DENY WITHOUT PREJUDICE Plaintiff's IFP Application.

I.   The Complaint

    A.   Standard of Review

The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to a mandatory screening and order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief can be granted, or seeking monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss sua sponte an in forma pauperis complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

To avoid dismissal for failure to a state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet--that the court must accept as true all of the allegations contained in the complaint--"is inapplicable to

2

legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads sufficient content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Factual allegations that permit the court to infer only "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Federal Rule of Civil Procedure 8. *Id.* at 679.

A complaint must also meet Rule 8's requirements that a complaint include a "short and plain statement of the claim[,]" and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A district court may dismiss a complaint for failure to comply with Rule 8 where the complaint fails to provide the defendant fair notice of the wrongs allegedly committed. *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); *cf. Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1105 n.4 (9th Cir. 2008) (finding dismissal under Rule 8 was in error where "the complaint provide[d] fair notice

3

of the wrongs allegedly committed by defendants and [did] not qualify as overly verbose, confusing, or rambling").

"The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry*, 84 F.3d at 1179. Rule 8 does, however, require more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (quotation marks omitted).

Because Plaintiff is appearing *pro se*, the Court liberally construes the Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants."). The Court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th

Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).

    B.    Plaintiff's Factual Allegations

Plaintiff alleges that he was exposed to nuclear waste and other toxic chemicals while serving in the United States Marine Corps in 1978. *See* ECF No. 1 at 1. Plaintiff alleges that he suffered brain damage and has recurring suicidal thoughts as a result of this exposure. Plaintiff alleges that he has previously sought assistance from the Department of Veterans Affairs ("VA") and several doctors, but he has received none. *See id.* at 2.

Plaintiff alleges that he participated in a VA hearing regarding his medical issues at Tripler Army Medical Hospital in Honolulu, Hawaii on or around January 18, 2017 ("01/18/2017 VA Hearing"). *See id.* at 1-2. Plaintiff attaches a copy of the 01/18/2017 VA Hearing transcript to the Complaint ("Hearing Transcript"). *See* ECF No. 1-2. The Hearing Transcript indicates that Defendant was the Decision Review Officer at the 01/18/2017 VA Hearing with respect to Plaintiff's claim. *See id.* at 3.

Plaintiff alleges that, during the 01/18/2017 VA Hearing, Defendant asked Plaintiff "to go on an appointment for his foot and hand." ECF No. 1 at 2. Plaintiff alleges that "[Defendant] sent [Plaintiff] on an appointment to see 2 doctors, Dr. Wesley

K. Ogata MD (at 9:40 am) and Dr. Donald M. Kopf PHD (at 12pm), on September 22, 2017 who asked questions about [Plaintiff's] headaches and they denied the claim." *Id.* Plaintiff contends that the foregoing actions constitute medical malpractice by Defendant.

The Complaint asserts a single claim against Defendant in her individual capacity pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See* ECF No. 1 at 12, 14. The Complaint seeks monetary relief against Defendant. *See id.* at 16.

    C.   Application of Standard

The Court finds that the Complaint fails to state a *Bivens* claim. *Bivens* claims are identical to claims brought pursuant to 42 U.S.C. § 1983 "save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) (borrowing state personal-injury statute of limitation for *Bivens* action). Under *Bivens*, a plaintiff may sue a federal actor for damages in his or her individual capacity for violating the plaintiff's constitutional rights. *See Bivens*, 403 U.S. at 397.

A *Bivens* claim for monetary damages been recognized only in three contexts: (1) where FBI agents handcuffed a man in his home without a warrant in violation of the Fourth Amendment's prohibition against unreasonable search and seizures, *Bivens*,

6

403 U.S. 388; (2) where a Congressman fired his female secretary in violation of the Fifth Amendment's Due Process Clause, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) where prison officials failed to treat an inmate's asthma in violation of the Eighth Amendment's prohibition against cruel and unusual punishment, *Carlson v. Green*, 446 U.S. 14 (1980). The Supreme Court has explained that expanding a *Bivens* damages remedy to contexts beyond the three enumerated above is "disfavored." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017).

"To state a cognizable *Bivens* claim, a plaintiff must allege that: (1) a right secured under the United States Constitution was violated, and (2) the violation was committed by a federal actor." *Chavez v. Hagel*, CIV. NO. 16-00658 HG/KJM, 2017 WL 937144, at *3 (D. Haw. Mar. 9, 2017) (citing *Van Strum*, 940 F.2d at 409; *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006)). "Additionally, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant." *Id.* (citing *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976)).

The Court finds that, even liberally construing the Complaint, Plaintiff's allegations are insufficient to state a claim under *Bivens*. The substantive allegations in the Complaint concerning Defendant are limited to when Defendant

7

allegedly (1) asked Plaintiff to attend an appointment for his foot and hand, and (2) sent Plaintiff to two doctors' appointments, and the two doctors "denied the claim."  *See* ECF No. 1 at 2.  The Court finds that Plaintiff's allegations are vague and amount to nothing more than "the-defendant-unlawfully-harmed-me accusations," which are insufficient to state a claim under Rule 8.  *See Iqbal*, 556 U.S. at 678.  In addition, due to the vague nature of the Complaint, the Court is unable to discern which of Plaintiff's Constitutional rights Defendant allegedly violated.

Moreover, Plaintiff fails to allege a specific injury he suffered as a result of Defendant's alleged conduct.  The Complaint details some of the injuries Plaintiff has suffered due to his alleged exposure to toxic elements during his service 40 years ago.  The Complaint does not, however, state a specific injury Plaintiff suffered as a result of Defendant's conduct either at the 01/18/2017 VA Hearing or thereafter.  The Court thus finds that the Complaint's allegations fail to put Defendant on notice of any wrongdoings she allegedly committed against Plaintiff.  *See McHenry*, 84 F.3d at 1178-80.

The Court notes that the Complaint also contains allegations regarding other people with whom Plaintiff has discussed his injuries.  For example, the Complaint alleges that Plaintiff has been working with legislators since the 01/18/2017

8

VA Hearing regarding the denial of his claim. *See* ECF No. 1 at 2. As another example, the Complaint alleges that Plaintiff has seen several unnamed doctors in the last two years, all of whom he talked to about "the metals, suicide and this pain." *Id.* Plaintiff alleges that these doctors did blood tests and "sent [Plaintiff] on his way" without chronicling his medical history. *Id.* These allegations, however, appear to be more related to Plaintiff's general frustrations with his unsuccessful attempts to obtain assistance and/or relief from the VA than any specific injury resulting from alleged conduct by Defendant.

Based on the foregoing, the Court finds that the Complaint fails to state a *Bivens* claim against Defendant. The Court has carefully reviewed the Complaint, and Plaintiff's claim does not appear to fall within one of the three recognized contexts for a *Bivens* claim. At this early screening stage of the case, however, and without the benefit of additional factual allegations and arguments from the parties, the Court cannot say with certainty that granting leave to amend would be futile. Accordingly, the Court recommends that the district court dismiss the Complaint without prejudice with leave to file an amended complaint.

D.  Leave to Amend

The Court recommends that the district court grant Plaintiff leave to file an amended complaint to cure the

deficiencies outlined above. Any amended complaint must comply with Federal Rule of Civil Procedure 8. If Plaintiff chooses to file an amended complaint, he must write short, plain statements telling the court: (1) the treaty, constitutional right, or statutory right Plaintiff believes was violated; (2) the specific basis for this court's jurisdiction; (3) the name of the defendant who violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct. Plaintiff should repeat this process for each person or entity that he names as a defendant.

Plaintiff must also list separate causes of action for alleged violations of his federal rights. Each cause of action should be supported by factual allegations, and not merely legal conclusions or a recitation of the legal elements for that particular claim. If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury he suffered, the allegation against that defendant will be dismissed for failure to state a claim.

Plaintiff is advised that Local Rule 10.3 requires that "any party filing . . . an amended complaint . . . shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of

court." LR10.3. As a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). In other words, if Plaintiff files an amended complaint, the original Complaint no longer serves any function in this case. Any claims that have been dismissed with leave to amend and are not repled in the amended complaint will be considered waived. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding "that a plaintiff waives all claims alleged in a dismissed complaint which are not realleged in an amended complaint" (citation and internal quotation marks omitted)).

II.  IFP Application

In light of the Court's finding that the Complaint is deficient, the Court recommends that the district court deny Plaintiff's IFP Application at this time. The Court further recommends, however, that the district court grant Plaintiff leave to file another application if he chooses to file an amended complaint.

The Court notes that Plaintiff improperly used a state court form in submitting his IFP Application. The Court directs the Clerk's Office to send Plaintiff a copy of this district court's Form AO 240 (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Form").

11

Plaintiff must use this IFP Form if he chooses to file another application.

## CONCLUSION

Based upon the foregoing, the Court FINDS AND RECOMMENDS that the district court:

1. DISMISS the Complaint WITH LEAVE TO FILE AN AMENDED COMPLAINT curing the deficiencies identified above no later than thirty (30) days from an order adopting this Findings and Recommendation;

2. DENY Plaintiff's IFP Application with leave to file another application if he chooses to file an amended complaint; and

3. DIRECT the Clerk's Office to send Plaintiff a copy of this district court's Form AO 240 (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, March 29, 2019.

Kenneth J. Mansfield
United States Magistrate Judge

*Hawkins v. Fisher*, CV 19-00102 HG-KJM; Findings And Recommendation To: (1) Dismiss Complaint with Leave to Amend; (2) Deny Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs